UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| SHERWOOD INVESTMENTS ) | Case No. 6:10-bk-00584-KSJ |
| OVERSEAS LIMITED, INC., ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |
| ) | |
| SHERWOOD INVESTMENTS ) | |
| OVERSEAS LIMITED, INC., ) | |
| ) | Adv. P. No. 6:10-ap-00158-KSJ |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| THE ROYAL BANK OF SCOTLAND ) | |
| N.V., f/k/a ABN AMRO BANK N.V., ) | |
| ) | |
| Defendant. ) | |
| ) | |

MEMORANDUM OPINION DENYING DEFENDANT'S
MOTION TO DISMISS FOR *FORUM NON CONVENIENS*

Defendant, the Royal Bank of Scotland N.V., f/k/a ABN AMRO Bank N.V. ("RBS"), asks the Court to dismiss this adversary proceeding on *forum non conveniens* grounds.[1] A court may dismiss an action when the plaintiff's choice of forum is unduly burdensome on the defendant and when transferring the case to another forum would not overly burden the plaintiff. Because retaining this adversary proceeding in Orlando will not significantly burden the defendant, and because transferring this proceeding to England would impose a heavy financial burden on the plaintiff, the Court will deny defendant's motion.

The debtor/plaintiff in this case, Sherwood Investments Overseas Limited, Inc. ("Investments"), is a British Virgin Islands corporation in the business of managing investments,

---

[1] The defendant filed its Motion to Dismiss Case for *Forum Non Conveniens* (Doc. No. 14), along with its Declarations in Support of Motion to Dismiss for *Forum Non Conveniens* (Doc. No. 18). The plaintiff then filed its Opposition Response to Motion to Dismiss for *Forum Non Conveniens* (Doc. No. 30), and defendant filed its Reply to Debtor/Plaintiff's Response (Doc. No. 33).

with its principal place of business in Tortola, British Virgin Islands. Its wholly-owned subsidiary, Sherwood Farms, Inc., is an orchid grower and Florida corporation with its corporate offices, greenhouses, and warehouse located in Groveland, Florida. Sherwood Investments historically has supplied Sherwood Farms with necessary operating capital. On January 15, 2010, both companies filed voluntary petitions[2] for reorganization in Orlando under Chapter 11 of the Bankruptcy Code and have subsequently filed a joint plan of reorganization.[3]

On June 4, 2010, Investments filed its 13-count complaint initiating this adversary proceeding against RBS. The complaint alleges that in late April 2006, Investments established a commercial relationship with ABN AMRO Bank N.V., a bank incorporated in the Netherlands, with a branch office in London, England. (In October 2007, RBS acquired certain ABN business units and subsequently took over ABN's relationship with Investments.) According to the complaint, RBS and Investments carried on a securities investing and trading relationship, without a formal written agreement, from April 2006 through September 2008. The complaint further alleges that in the days following the Lehman Brothers' bankruptcy filed on September 15, 2008, and the subsequent worldwide stock market turmoil, RBS's actions caused Investments to lose the entirety of its investment positions with RBS—approximately $6.8 million.

The complaint states that the parties' trading relationship was carried out primarily between Julian Benscher, an authorized agent of Investments residing and conducting business in Windermere, Florida, and one of three successive RBS agents working in its London office: Gaurika Gambhir, Dean Murray, and, most recently, Mike Bayley. The parties allegedly conducted daily trades via telephone calls, Bloomberg terminal instant messages, and emails. At RBS's advice, Investments acted through UBS AG, Zurich, in Switzerland, as correspondent bank for all of its trades.

---

[2] Sherwood Farms' bankruptcy case number is 6:10-bk-00578-KSJ.
[3] See Joint Amended Plan of Reorganization (Doc. No. 82 in 6:10-bk-00578-KSJ).

Because of the international flavor of the transactions between RBS and Investments, RBS now moves to dismiss this adversary proceeding for *forum non conveniens*. "The essence of the common-law doctrine of *forum non conveniens* is that even when an action is brought in a court which has jurisdiction of the cause and of the parties and in which venue is proper, the court may decline to exercise jurisdiction and dismiss the action if another forum would be more convenient."[4] In the Eleventh Circuit, the party moving for dismissal must demonstrate "that (1) an adequate alternative forum is available, (2) the public and private factors weigh heavily in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice."[5] A defendant has the burden of persuasion as to all elements.[6]

As to the first factor, an alternative forum is "adequate" when the foreign forum can provide "at least some relief."[7] An alternative forum is "available" when the foreign court can assert jurisdiction over the litigation sought to be transferred.[8] Here, where the suggested alternative forum is London, England, there is no question as to British courts' adequacy or availability.

The second factor requires balancing both the private interests of the parties and the public interests in the case. "Private interests" include "ease of access to sources of proof, availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses…and all other practical problems that make trial of a case easy, expeditious and inexpensive."[9] In sum, balancing the private interests requires determining the relative conveniences of the parties. Domestic plaintiffs are afforded "a strong presumption" that their forum choice is sufficiently convenient, while foreigners litigating away from home are

---

[4] 10 A.L.R. Fed. 352 § 1[a].
[5] *Leon v. Million Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2002).
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.* (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 503 (1947)).

afforded a much weaker presumption that they have chosen a convenient forum.[10]  However, debtor plaintiffs in adversary proceedings tied to a pending bankruptcy case have traditionally enjoyed a so-called "home court presumption," which favors retaining adversary proceedings in the district in which the bankruptcy case is being administered.[11]  "Public interests" include the administrative burden of the litigation on the chosen court, familiarity of the judge with the applicable law, and whether the claim arose elsewhere.[12]

In this case, the Court cannot find that the public and private factors weigh heavily in favor of dismissal.  As to the private factors, the parties conducted at least half of all their business here in Florida, as Julian Benscher lived and worked in Windermere, Florida, during the relevant timeframe and continues to reside there.  Accordingly, Investments' pertinent documents and records are here in Florida.  Moreover, while RBC employees living abroad may need to testify, RBC controls the attendance of such witnesses and with use of modern technology that allows easy exchange of digital records and testimony by video feeds, these potential witnesses would not be unduly inconvenienced.  The Court also cannot ignore the ongoing bankruptcy proceedings and the presumption that this adversary proceeding should be kept tied to those proceedings for ease of administration for the estate, despite the fact that Investments is a BVI company.  In sum, there are at least enough private factors that weigh in favor of retaining the case in Orlando to outweigh the factors in favor of dismissal.

---

[10] *Id.* at 1314-15.

[11] *See, e.g.*, *In re Manville Forest Products Corp.*, 896 F.2d 1384, 1391 (2d Cir. 1990) (stating "the district in which the underlying bankruptcy case is pending is presumed to be the appropriate district for hearing and determination of a proceeding in bankruptcy."); *PermaLife Products, LLC v. TSJ Dirt, LLC (In re PermaLife Products, LLC)*, 432 B.R. 503, 516 (Bankr. D. N.J. 2010) (citing *In re Hechinger Inv. Co. of Del., Inc.*, 288 B.R. 298, 402 (Bankr. D. Del. 2003) for the proposition that there is a "strong presumption in favor of maintaining venue where the bankruptcy case is pending."); *Philadelphia Training Center Corp. v. State of Georgia* (*In re Philadelphia Training Center Corp.*), No. 90-10181992 WL 182238 (E.D. Pa. 1992) (stating plaintiffs' choice of forum is entitled to substantial deference "especially…where…the selected forum is the site of a related and pending bankruptcy action.").

[12] *King v. Cessna Aircraft Co.*, 562 F.3d 1374, 1381 (11th Cir. 2009) (quoting *Gilbert*, 330 U.S. at 508-09).

Likewise, although there may be some public factors that weigh in favor of dismissal, they are at most in equipoise with the factors against dismissal.  Perhaps the most important public factor is whether American or English law applies.  This has yet to be determined, as the Court cannot on the record presented find that English law governs this dispute.  Indeed, because no action is pending in England, the Court can only guess as to the claims Investments would raise, so a choice of law determination is premature.  Moreover, at least half of Investments' and RBS's trading relationship was conducted in Florida, so the actions giving rise to Investments' claim have some connection to Florida and the United States.  Accordingly, the Court finds that the public factors weigh in favor of retaining the case here in Orlando.

Finally, as to the third factor—whether the plaintiff can reinstate its suit in the alternative forum without undue inconvenience or prejudice—there is no question that Investments would be heavily burdened by dismissal of this adversary proceeding.  Dismissal would require it to hire London counsel, where it has no offices or employees, to re-file its claims against RBS.  This is unquestionably an expensive undertaking, especially when Investments already has spent a great deal of time and legal fees initiating this adversary proceeding.  On the other hand, RBS is an international company with a strong United States presence.  The burden on RBS of litigating this adversary proceeding in Orlando is less than the burden to Investments, a debtor in bankruptcy, of dismissing this case and in effect forcing Investments to hire London counsel and re-file its suit in England.

RBS's argument that the case should be dismissed because Investments is merely forum shopping by filing its bankruptcy case here is unconvincing.  RBS has not shown any impropriety in Investments' course of action by filing its bankruptcy petition here in Orlando.  Investments' wholly-owned subsidiary, Farms, properly filed its bankruptcy petition in Orlando under 28 U.S.C. § 1409(1), which allows a debtor to file in the district in which it maintains its principal place of business or in which it has its principal assets.  Under 28 U.S.C. § 1408(2),

Investments is allowed to file its bankruptcy petition in the same district as its affiliate, Farms, even though Investments is a BVI company with its principal place of business in Tortola. And, although Investments' and Farms' joint plan of reorganization is entirely dependent on the outcome of this adversary proceeding for funding and that the primary beneficiary is a non-United States based company, nothing prohibits such tactical litigation. If RBS truly believes Investments' bankruptcy case was filed in bad faith, it could move to dismiss the main bankruptcy case, but it has not. Absent such a showing of bad faith, this Court finds no impropriety in Investments' litigation strategy.

In conclusion, the Court finds there are not enough facts that weigh in favor of dismissal to overcome the "home court presumption" and that dismissal would unduly prejudice the debtor. The Court therefore will deny RBS's motion to dismiss for *forum non conveniens*. A separate order consistent with this memorandum opinion will be entered simultaneously.

DONE AND ORDERED in Orlando, Florida, on December 9, 2010.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Plaintiff:  Sherwood Investments Overseas Limited Inc., 5165 Isleworth Country Club Drive, Windermere, FL  34786

Plaintiff's Counsel:  R. Scott Shuker, 390 N. Orange Avenue, #600, Orlando, FL  32802

Defendant:  The Royal Bank of Scotland N.V., 250 Bishopsgate, London, England EC2M4AA

Defendant's Counsel:  Mark D. Bloom, 333 Avenue of the Americas, Suite 4400, Miami, FL 33131